IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAYMOND E. THOMPSON, | § | |
|     Movant | § | |
| | § | |
| V. | § | A-07-CA–1011 LY |
| | § | (A-00-CR-050(1) LY) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
           UNITED STATES DISTRICT JUDGE

Before the Court are: Raymond E. Thompson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed on December 14, 2007 (Clerk's Crim. Doc. No. 138); the Government's Response, filed on January 15, 2008 (Clerk's Crim. Doc. No. 142); and Movant's "Motion" to Object to the Government's Response, filed on February 1, 2008 (Clerk's Crim. Doc. No. 144).[1] The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I.    GENERAL BACKGROUND**

On March 21, 2000, Movant Raymond Thompson ("Movant") was charged in counts one and two of a three-count indictment with using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (count one); and unlawful receipt and possession of a firearm that

---

[1] Movant entitles his Reply to the Government's Response as a "Motion." Because Movant need not file a "Motion" to reply to the Government's Response, the Motion is DENIED. Of course, the Court has considered the arguments contained in the Reply.

had not been registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (count two).  On June 4, 2001, Movant was charged in a one-count superseding information with brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On June 14, 2001, pursuant to a plea agreement, Movant entered a plea of guilty to the superseding information.  On December 11, 2001, the District Court sentenced Movant to an 84-month term of imprisonment, followed by a three-year term of supervised release, and ordered that Movant pay a $100 mandatory assessment fee.  On April 29, 2002, the District Court amended Movant's sentence by increasing his term of supervised release from three years to five years.  *See* Clerk's Doc. No. 99.

Although Movant did not file a direct appeal of his conviction and sentence, on September 20, 2004, he filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and that his sentence violated the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004).  The District Court denied Movant's § 2255 Motion and the Fifth Circuit Court of Appeals denied Movant a certificate of appealability.  *See* Clerk's Docket Nos. 106 & 114.

On February 28, 2007, Movant was arrested on a warrant for violating his conditions of supervision.  The Government filed a Probation Form 12 requesting that Movant's term of supervised release be revoked.  On June 26, 2007, Movant agreed to enter a plea of "True" to the allegations contained in the petition to revoke his supervised release. *See* Plea Agreement (Clerk's Docket No. 133).  After conducting a hearing on the matter, the District Court revoked Movant's supervised release and resentenced Movant to a term of 60 months imprisonment with no term of supervised release.  *See* on June 26, 2007 Order (Clerk's Docket No. 135).

Movant has now filed the instant motion under 28 U.S.C. § 2255 arguing that the District violated 18 U.S.C. § 3583(e)(3) when it revoked his supervised release and re-sentenced him to 60 months imprisonment.

## II.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under Section 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice."  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  Finally, it should be noted that a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary.  *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

### III.  DISCUSSION

As noted, Movant contends that the District Court violated 18 U.S.C. § 3583(e)(3) when it revoked his supervised release and re-sentenced him to a 60-month term of imprisonment. Specifically, Movant contends that his sentence exceeds the maximum term of imprisonment authorized by 18 U.S.C. § 3583(e)(3).  Movant's claim is without merit.

The Court first finds that Movant has waived his argument by pleading guilty to violating his terms of supervised release.  By entering into the Plea Agreement, Movant agreed to waive his appeal rights including agreeing "not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." Plea Agreement at ¶ 4.  In addition, Movant specifically agreed to a 60-month term of imprisonment: "The United States of America, the Defendant and his counsel, agree pursuant to FED. R. CRIM. P. 11 (c)(1)(C) that the sentence imposed in cause number A-00-CR-050, based upon the defendant's plea of TRUE to one or more of the allegations that he violated the terms of his Supervised Release, shall be sixty (60) months incarceration." Plea Agreement at ¶ 3.  Thus, Movant has waived any claim that his sentence violated 18 U.S.C. § 3583(e)(3).  It is well settled that, with an informed and voluntary waiver, a defendant may waive his statutory right to pursue claims directly on appeal and collaterally through a motion filed pursuant to 28 U.S.C. § 2255. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Even if Movant had not waived his right to file the instant § 2255 claim, his claim would nevertheless be denied on the merits.  The District Court originally sentenced Movant to 84 months

imprisonment, followed by a five-year[2] term of supervised release. Amended Judgment (Clerk's Docket No. 99). After the District Court determined that Movant violated his conditions of supervised release, the Court revoked his term of supervised release and imposed a 60-month term of imprisonment. *See* Clerk's Docket No. 135. The Court finds that the District Court's decision to revoke Movant's supervised release and re-sentence Movant to a five-year term of imprisonment were not in violation of law, but were in accordance with the governing statutory authority. Under 18 U.S.C. § 3583(e)(3), a district court has the discretion to revoke a defendant's previous sentence and impose a term of imprisonment if the court finds by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *See United States v. Arbizu*, 431 F.3d 469, 470 (5th Cir. 2005). Section 3583(e)(3) specifically provides that the district court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

18 U.S.C. § 3583(e)(3). Since the maximum term of imprisonment on Movant's § 924(c)(1)(A)(ii) offense is life imprisonment, *See United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000), "the offense that resulted in the term of supervised release" in Movant's case would be classified as a class A

---

[2] In his pleadings, Movant alleges that he was only sentenced to a three-year term of supervised release. While Movant was initially sentenced to a three-year term of supervised release on December 13, 2001, the District Court amended Movant's sentence on April 29, 2002, to increase the term of supervised release to five years. *See* Amended Judgment, Clerk's Docket No. 99.

felony.  *See* 18 U.S.C. § 3559(a)(1).  Thus, under § 3583(e)(3), the District Court was clearly authorized to re-sentence Movant to five-years imprisonment.  *See* § 3583(e)(3).  Accordingly, Movant's claim that the District Court violated § 3583(e)(3) in re-sentencing Movant is without merit and, therefore, his § 2255 petition must be denied.

## IV.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DENY** Movant Raymond E. Thompson's Motion to Vacate,  Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 138).

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of March, 2008.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE